**BRIAN T. DUNN, ESQ. (SBN 176502)**
Email: bdunn@cochranfirm.com
**MEGAN R. GYONGYOS, ESQ. (SBN 285476)**
Email: mgyongyos@cochranfirm.com
**THE COCHRAN FIRM CALIFORNIA**
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010-3856
Telephone: (323) 435-8205
Facsimile: (323) 282-5280

Attorneys For Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY JORDAN, an individual,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF HAWTHORNE, OFFICER MATTHEW MANLEY, and DOES 1 through 10, inclusive,<br><br>　　　　　　　Defendants. | **CASE NO.: 2:14-CV-07554**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1.　**Violations of Civil Rights (42 U.S.C. § 1983) (Based on Unreasonable Use of Deadly Force)**<br><br>2.　**Violations of Civil Rights (42 U.S.C. § 1983) (Based on Unconstitutional Policy, Practice, or Custom)**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

## JURISDICTION AND VENUE

1. Jurisdiction is vested in this court under 28 U.S.C. § 1343(3)-(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

2. Venue is proper in the Central District of California under 28 U.S.C. § 1391(a)-(b).

## PARTIES

3. At all times relevant to the acts and omissions herein alleged, Plaintiff STANLEY JORDAN (hereinafter referred to as "Plaintiff" or "Plaintiff JORDAN") was a resident of the County of Los Angeles, State of California. Plaintiff JORDAN is presently a resident of the County of Solano, State of California.

4. Defendant CITY OF HAWTHORNE (hereinafter "CITY") is, and at all relevant times mentioned herein was, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of California.

5. Plaintiff is informed, believes, and thereon alleges that Defendant OFFICER MATTHEW MANLEY (hereinafter "OFFICER MANLEY") is, and at all relevant times mentioned herein was, a resident of the County of Los Angeles and State of California. Further, at all times relevant to the acts and omissions herein alleged, OFFICER MANLEY was a police officer employed by the Defendant CITY and the Hawthorne Police Department, and was acting under color of law and in the course and scope of his employment with the CITY and the Hawthorne Police Department.

6. Plaintiff is unaware of the true names and capacities of those Defendants named herein as DOE Defendants. Plaintiff will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to him. Plaintiff is informed, believes, and thereon alleges that these DOE Defendants are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct,

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

including the negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek leave to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

7. Each of the individual Defendants sued herein is sued both in his individual and personal capacity, as well as in his official capacity.

8. Plaintiff is informed, believes, and thereon alleges that at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment, and/or conspiracy and with the permission and consent of other co-Defendants.

## FACTS COMMON TO ALL COUNTS

9. This Complaint concerns an officer involved shooting incident which occurred during the evening hours of Thursday, October 11, 2012, in or around the 2900 block of West 141st Place in the City of Gardena, County of Los Angeles, and State of California. At approximately 9:25 p.m. on that date, Plaintiff JORDAN was standing and/or walking in or around a laundry room in an apartment complex located on or around the 2900 block of West 141st Place when Defendant OFFICER MANLEY and DOES 1 through 10, while acting under color of law and in the course and scope of their employment with the Defendant CITY and the Hawthorne Police Department, violently confronted Plaintiff.

10. Without warning, Defendant OFFICER MANLEY proceeded to assault and batter Plaintiff JORDAN by acts which included, but were not limited to, unjustifiably discharging his department issued firearm at the person of Plaintiff, inflicting a gunshot wound to Plaintiff's back. Following the shooting, the involved officers denied medical care to Plaintiff JORDAN in a manner that demonstrated deliberate indifference to his

constitutional rights. At no time during the course of these events did Plaintiff JORDAN pose any reasonable or credible threat of violence to OFFICER MANLEY, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful.

11.     Both prior to and during the time in which he was shot, Plaintiff JORDAN was not armed with any kind of weapon, and posed no reasonable threat of violence to Defendant OFFICER MANLEY, nor to any other officer or individual. Both prior to and during the time in which he was shot, Plaintiff JORDAN made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable police officer that he was armed with any kind of weapon, or had the will, or the ability to inflict substantial bodily harm against any individual. Both prior to and during the time in which OFFICER MANLEY shot Plaintiff JORDAN, OFFICER MANLEY, who fired, was not faced with any circumstances which would have led a reasonable police officer to believe that Plaintiff posed the risk of death, or serious bodily injury to any person.

## FOR THE FIRST CAUSE OF ACTION

**(By Plaintiff STANLEY JORDAN Against Defendant OFFICER MATTHEW MANLEY and DOES 1 through 10 for Violations of Civil Rights [42 U.S.C. § 1983])**

**(Based on Unreasonable Use of Deadly Force)**

12.     Plaintiff JORDAN restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

13.     This cause of action is brought by Plaintiff JORDAN, and is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to Plaintiff by the Fourth Amendment to the Constitution of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

14.     Plaintiff JORDAN is informed, believes, and thereupon alleges, that at all times mentioned herein, the Defendant CITY employed the individual Defendants named

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

herein, including the Defendant OFFICER MANLEY and DOES 1 through 10. The CITY provided its individual Defendant employees and agents, including OFFICER MANLEY and DOES 1 through 10, with official badges and identification cards which designated and described the bearers as employees of the CITY and the Hawthorne Police Department.

15. Plaintiff JORDAN is informed, believes, and thereon alleges, that at all times relevant to the acts and omissions herein alleged, Defendant OFFICER MANLEY and DOES 1 through 10 were employed by the Defendant CITY and the Hawthorne Police Department, and were acting under color of law and in the course and scope of their employment with the CITY and the Hawthorne Police Department.

16. At approximately 9:25 p.m. on Thursday, October 11, 2012, Plaintiff JORDAN was standing and/or walking in or around a laundry room in an apartment complex located on or around the 2900 block of West 141st Place in the City of Gardena and County of Los Angeles when Defendant OFFICER MANLEY and DOES 1 through 10, while acting under color of law and in the course and scope of their employment with the Defendant CITY and the Hawthorne Police Department, violently confronted Plaintiff.

17. Without warning, Defendant OFFICER MANLEY proceeded to assault and batter Plaintiff JORDAN by acts which included, but were not limited to, unjustifiably discharging his department issued firearm at the person of Plaintiff, inflicting a gunshot wound to Plaintiff's back. Following the shooting, the involved officers denied medical care to Plaintiff JORDAN in a manner that demonstrated deliberate indifference to his constitutional rights. At no time during the course of these events did Plaintiff JORDAN pose any reasonable or credible threat of violence to OFFICER MANLEY, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful.

18. Both prior to and during the time in which he was shot, Plaintiff JORDAN was not armed with any kind of weapon, and posed no reasonable threat of violence to

1 Defendant OFFICER MANLEY, nor to any other officer or individual. Both prior to and
2 during the time in which he was shot, Plaintiff JORDAN made no aggressive
3 movements, no furtive gestures, and no physical movements which would suggest to a
4 reasonable police officer that he was armed with any kind of weapon, or had the will, or
5 the ability to inflict substantial bodily harm against any individual. Both prior to and
6 during the time in which OFFICER MANLEY shot Plaintiff JORDAN, OFFICER
7 MANLEY, who fired, was not faced with any circumstances which would have led a
8 reasonable police officer to believe that Plaintiff posed the risk of death, or serious
9 bodily injury to any person.

10      19.    At all times mentioned herein, Defendant OFFICER MANLEY and DOES 1
11 through 10 acted under color and pretense of law, and under color of the statutes,
12 ordinances, regulations, policies, practices, customs, and/or usages of the State of
13 California and the Defendant CITY. OFFICER MANLEY and DOES 1through 10
14 deprived Plaintiff JORDAN of the rights, privileges, and immunities secured to him by
15 the Fourth Amendment to the Constitution of the United States and the laws of the
16 United States, including, but not limited to, the right to be free from unreasonable
17 governmental seizures of his person.

18      20.    Plaintiff JORDAN had the right to be free from unreasonable governmental
19 seizures of his person, a right which was secured to Plaintiff by the provisions of the
20 Fourth Amendment to the United States Constitution, and by 42 U.S.C. § 1983. All of
21 these interests were implicated by the wrongful conduct of Defendant OFFICER
22 MANLEY and DOES 1 through 10, which proximately caused severe injuries to Plaintiff
23 JORDAN, including, but not limited to, a gunshot wound to Plaintiff's back and
24 permanent paralysis.

25      21.    Plaintiff JORDAN is informed, believes, and thereupon alleges, that in
26 unreasonably seizing his person, as described in the foregoing paragraphs of this
27 Complaint, Defendant OFFICER MANLEY and DOES 1 through 10 acted outside the
28 scope of their jurisdiction and without authorization of law, and acted willfully,

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive Plaintiff of his federally protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against OFFICER MANLEY and DOES 1 through 10 in an amount to be proven at the trial of this matter.

22. As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant OFFICER MANLEY and DOES 1 through 10, Plaintiff JORDAN was placed in great fear for his life and physical well being, and has suffered and continues to suffer extreme and severe mental anguish, as well as great mental and physical pain and injury, all to his damage in a sum to be determined at trial. As a further direct and proximate result of the wrongful, intentional, and malicious acts and omissions of OFFICER MANLEY and DOES 1 through 10, Plaintiff JORDAN was shot on October 11, 2012, and suffered severe injuries which include, but are not limited to, a gunshot wound to his back and permanent paralysis. As a further proximate result of OFFICER MANLEY'S and DOES 1 through 10'S wrongful, intentional, and malicious acts and omissions, Plaintiff JORDAN has been required to employ, and did in fact employ, physicians and surgeons to examine, treat, and care for him, and has incurred and continues to incur expenses for emergent medical services and medical treatment and care in an amount according to proof at trial.

23. Plaintiff JORDAN is entitled to and hereby demands costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

///
///
///
///
///
///

# FOR THE SECOND CAUSE OF ACTION
## (By Plaintiff STANLEY JORDAN Against Defendant CITY OF HAWTHORNE for Violations of Civil Rights [42 U.S.C. § 1983])
### (Based on Unconstitutional Policy, Practice or Custom)

24. Plaintiff JORDAN restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

25. This cause of action is brought by Plaintiff JORDAN, and is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to Plaintiff by the Fourth Amendment to the Constitution of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

26. Plaintiff JORDAN is informed, believes, and thereupon alleges that at all times mentioned herein, the Defendant CITY employed the individual Defendants named herein, including Defendant OFFICER MANLEY and DOES 1 through 10. The CITY provided its individual Defendant employees and agents, including OFFICER MANLEY and DOES 1 through 10, with official badges and identification cards which designated and described the bearers as employees of the CITY and the Hawthorne Police Department.

27. As set forth in the foregoing paragraphs of this Complaint, Defendant OFFICER MANLEY and DOES 1 through 10, while acting under color of law and in the course and scope of their employment with the Defendant CITY and the Hawthorne Police Department, violated the Fourth Amendment rights of Plaintiff JORDAN by acts which included, but were not limited to, unreasonably using deadly and excessive force against the person of Plaintiff. As described in this Complaint, the shooting of Plaintiff JORDAN was an unconstitutional display of an unreasonable seizure, and of the deadly and excessive use of force, which violated Plaintiff's Fourth Amendment right to be free from unreasonable governmental seizures of his person.

///

28. Plaintiff JORDAN is informed and believes, and thereupon alleges, that Defendant OFFICER MANLEY'S shooting of Plaintiff, an unarmed man who posed no reasonable or credible threat of violence to OFFICER MANLEY, nor to any other officer or person, demonstrated that OFFICER MANLEY'S training was inadequate to allow him to handle the usual and recurring situations faced by Hawthorne Police Department police officers, as evidenced by the following specific actions and omissions of OFFICER MANLEY in his response to the subject incident:

    a. The tactical standard of care for law enforcement agencies similarly situated to the Hawthorne Police Department is for police officers employed by such agencies to utilize additional officers, departmental personnel, and/or departmental resources to assist them when approaching and/or attempting to arrest and/or detain suspects and/or potential arrestees whom the officers believe may possibly pose a threat to the safety of the officers or third parties. Both prior to and during the time in which Defendant OFFICER MANLEY shot Plaintiff JORDAN, he acted in flagrant contravention of this well established standard of care.

    b. The tactical standard of care for law enforcement agencies similarly situated to the Hawthorne Police Department is for police officers employed by such agencies, whenever possible, to issue commands and warnings that are clear and intelligible to suspects and/or potential arrestees prior to employing deadly force. Both prior to and during the time in which Defendant OFFICER MANLEY shot Plaintiff JORDAN, he acted in flagrant contravention of this well established standard of care.

    c. The tactical standard of care for law enforcement agencies similarly situated to the Hawthorne Police Department is for police officers employed by such agencies to use cover, concealment, distance, additional departmental personnel, available illumination, and available communication to accurately assess the level of the threat posed by a suspect and/or potential

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

arrestee prior to using deadly force. Both prior to and during the time in which Defendant OFFICER MANLEY shot Plaintiff JORDAN, he acted in flagrant contravention of this well established standard of care.

29. Plaintiff JORDAN is informed and believes, and thereupon alleges, that prior to October 11, 2012, Defendant OFFICER MANLEY received training and instruction in police tactics and procedures from the Hawthorne Police Department in ways which included, but were not limited to, his attendance at a police academy, his attendance at departmental briefings, his attendance at mandatory and voluntary training seminars, his attendance at roll call at his respective station(s) prior to his assigned shift(s), his receipt of departmental training manuals, his receipt of departmental training bulletins, and his receipt of additional departmental correspondence and electronic mails.

30. Both prior to and on October 11, 2012, encounters with suspects and civilians, such as Plaintiff JORDAN, were common among Hawthorne Police Department police officers similarly situated to Defendant OFFICER MANLEY, and such encounters were a recurring situation faced by Hawthorne Police Department police officers similarly situated to OFFICER MANLEY.

31. Plaintiff JORDAN is informed and believes, and thereupon alleges, that those individuals responsible for training Defendant OFFICER MANLEY, including, but not limited to, his respective field training officers, watch commanders, shift commanders, training officers, firearms instructors, defensive tactics instructors, sergeants, captains, lieutenants, higher ranking officers, and authorized policy makers and decision makers within the Hawthorne Police Department, the identities of whom are presently unknown to Plaintiff, knew, or in the exercise of reasonable diligence should have known, that the obvious consequence of the failure to implement, institute, enact, communicate, teach, and/or cause to be taught the above referenced tactical training to police officers similarly situated to Defendant OFFICER MANLEY would be that unarmed and nondangerous civilians, such as Plaintiff, would suffer constitutional deprivations from the unreasonable and excessive use of deadly force.

32. Plaintiff JORDAN is informed and believes, and thereupon alleges, that notwithstanding the fact that the training personnel responsible for training Defendant OFFICER MANLEY, including, but not limited to, his respective field training officers, watch commanders, shift commanders, training officers, firearms instructors, defensive tactics instructors, sergeants, captains, lieutenants, higher ranking officers, and authorized policy makers and decision makers within the Hawthorne Police Department, the identities of whom are presently unknown to Plaintiff, knew, or in the exercise of reasonable diligence should have known, that the obvious consequence of the failure to implement, institute, enact, communicate, teach, and/or cause to be taught the above referenced tactical training to police officers similarly situated to OFFICER MANLEY would be that unarmed and nondangerous civilians, such as Plaintiff, would suffer constitutional deprivations from the unreasonable use of deadly force, said training personnel, and each of them, deliberately and consciously failed to provide adequate tactical training in the above enumerated areas.

33. Plaintiff JORDAN is informed and believes, and thereupon alleges, that the failure of the Hawthorne Police Department to provide adequate training to Defendant OFFICER MANLEY, as described in the foregoing paragraphs of this Complaint, caused Plaintiff to suffer Fourth Amendment violations resulting from the unreasonable use of deadly force, as previously described in this Complaint.

34. As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant OFFICER MANLEY and DOES 1 through 10, Plaintiff JORDAN was placed in great fear for his life and physical well being, and has suffered and continues to suffer extreme and severe mental anguish, as well as great mental and physical pain and injury, all to his damage in a sum to be determined at trial. As a further direct and proximate result of the wrongful, intentional, and malicious acts and omissions of OFFICER MANLEY and DOES 1 through 10, Plaintiff JORDAN was shot on October 11, 2012, and suffered severe injuries which include, but are not limited to, a gunshot wound to his back and permanent paralysis. As a further proximate result of

OFFICER MANLEY'S and DOES 1 through 10'S wrongful, intentional, and malicious acts and omissions, Plaintiff JORDAN has been required to employ, and did in fact employ, physicians and surgeons to examine, treat, and care for him, and has incurred and continues to incur expenses for emergent medical services and medical treatment and care in an amount according to proof at trial.

35. Plaintiff JORDAN is entitled to and hereby demands costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1. For general damages in an amount according to proof at trial;
2. For medical and related expenses according to proof at trial;
3. For costs of suit incurred herein;
4. For attorneys' fees incurred herein, as provided by law;
5. For punitive damages against the individual Defendants in their individual capacities in an amount according to proof at trial; and
6. For such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff JORDAN hereby demands that a jury be empaneled for the trial of this matter.

DATED: September 29, 2014    Respectfully submitted,

**THE COCHRAN FIRM CALIFORNIA**

By: /s/ Brian T. Dunn
BRIAN T. DUNN
MEGAN R. GYONGYOS
Attorneys for Plaintiff, STANLEY JORDAN