# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY JORDAN,<br><br>            Plaintiff,<br><br>vs.<br><br>CITY OF HAWTHORNE, ET AL,<br><br>            Defendant. | Case No.14-CV-07554-ODW-JPR<br><br>**NOTE CHANGES MADE BY THE COURT**<br><br>PROTECTIVE ORDER<br><br>TRIAL DATE: October 13, 2015 |

    The parties hereto through their attorney have stipulated and agreed to be bound by the following Stipulated Protective Order.

      WHEREAS, Plaintiff, STANLEY JORDAN, seeks police records that contain personal identifying information of witnesses and victims to crimes of which Plaintiff has been convicted; and

      WHEREAS, Plaintiff, STANLEY JORDAN may seek confidential records pertaining to the personnel records and private information regarding police officers from the CITY OF HAWTHORNE POLICE DEPARTMENT ("HAWTHORNE"), which are Confidential documents under the Federal Rules of Civil Procedure, and which are protected from disclosure under the California Evidence Code and Penal Code; and

WHEREAS, the parties desire to preserve the identity and safety of victims and witnesses, and

WHEREAS, witnesses to and victims of crimes as well as police officers have a heightened right to privacy and protection of their confidential identifying information and personnel records for reasons of personal safety and public policy, the parties agree to be bound by a Protective Order in this case according to the following terms, conditions, and requirements; and

WHEREAS, the parties agree that should the Judge presiding over this action not have the opportunity to review and sign this [Proposed] Protective Order before the production of any confidential materials is required to further the progress of this litigation, all materials produced that are marked confidential or attorneys' eyes only will be subject to this Protective Order.

WHEREAS, the parties agree that should the Judge add, or change the terms of the Protective Order, the parties agree to be bound by the terms as ordered by the Court.

### Terms, Conditions, and Requirements of the Protective Order

1. All documents produced by HAWTHORNE in Defendants' Rule 26 Early Disclosures or in response to Plaintiff's Request for Production of Documents pertaining to personal identifying information of civilian witnesses and victims, and any documents pertaining to police officers' confidential personnel files[1], and any documents or information derived therefrom, shall be considered to be "Confidential *- Attorneys' Eyes Only*" Documents. In particular, witness, victim and personal identifying information of officers shall not be disclosed to Plaintiff, Stanley Jordan, unless by order of this Court or the information is necessary to the presentation of claims or defenses at the time of trial. This

---

[1] Confidential Personnel File includes but is not limited to citizen complaints, internal affairs investigations, training records, disciplinary records, personal identifying information, job applications and applications testing results.

provision does not prohibit or prevent any party from attempting to introduce or moving to exclude relevant evidence at the time of trial.

2. All documents produced by HAWTHORNE, and any documents or information derived therefrom, considered to be "Confidential-*Attorneys' Eyes Only*," shall be used solely for purposes of this litigation and may not be used for any other purpose whatsoever, including but not limited to the purpose of dissemination to the media or public, or in connection with any other litigation or proceedings.

3. All documents produced by HAWTHORNE, and any documents or information derived therefrom, considered to be "Confidential-*Attorneys' Eyes Only*," shall be maintained in Plaintiff Counsel's office in a secure location that is not readily accessible to persons other than those directly involved in the prosecution of this lawsuit, meaning Plaintiff's attorneys of record, and support staff.

4. All documents produced by HAWTHORNE, and documents or information derived therefrom, considered to be "Confidential-*Attorneys' Eyes Only*," that are stored electronically by Plaintiff's Counsel shall be required to comply with the terms and conditions of this Order, the same as if the electronically stored documents or information derived therefrom were hard copies.

5. All documents produced by HAWTHORNE, and any documents or information derived therefrom, considered to be "Confidential-*Attorneys' Eyes Only*," shall be viewed or disclosed only as necessary in this matter and only to the following persons under the following conditions:

    a. Plaintiff's and Defendant's Attorney(s);

    b. Plaintiff's and Defendant's Attorney Staff;

    c. Experts - No disclosure to experts shall occur until <u>after</u> the expert has signed a copy of the declaration attached hereto as Exhibit "A"

under penalty of perjury indicating the expert will abide by the protective order, the expert's signed declaration has been served on counsel for the opposing party, <u>and</u> the expert's signed declaration has been filed with the Court; and,

    d. Court – No "*Confidential-Attorneys' Eyes Only*" document or any documents or information derived therefrom, shall be disclosed publically to the Court absent a Court order to that effect. Any documents subject to the Protective Order shall be "lodged under seal" with the Court pursuant to Local Rule 79-5 unless submitted for in camera review by order of the Court.

6. The designation of discovery material as "*Confidential-Attorneys' Eyes Only,*" shall be so designated by affixing the legend, as appropriate, of "*Confidential-Attorneys' Eyes Only*" to each page containing any "*Confidential-Attorneys' Eyes Only*" Discovery Material. Affixing the appropriate legends on the cover of any multipage document which is bound, stapled, or otherwise securely attached shall designate all pages of the document as "*Confidential-Attorneys' Eyes Only,*" unless otherwise indicated by the producing party.

7. If the producing party inadvertently produces Discovery Material that it considers to be "*Confidential-Attorneys' Eyes Only*" without such designation, the producing party may subsequently designate such Discovery Material as "*Confidential-Attorneys' Eyes Only*" by delivering written notice of such designation to the other parties within a reasonable period after becoming aware of the inadvertent failure to designate such Discovery Material, with the effect that such Discovery Material will thereafter be subject to the protections afforded by this Order. The initial failure to designate information in accordance with this Order shall not be deemed a waiver of confidentiality.

8. Court Filings – No disclosure of any "*Confidential-Attorneys' Eyes Only*" document or any documents or information derived therefrom, shall be filed

with the Court without a prior Court order and except under Local Rule 79-5.  If the Court grants a party permission to file a "*Confidential-Attorneys' Eyes Only*" item under seal with the Court, the parties shall meet and confer as to the filing of a duplicate copy of the document in order to identify any non-confidential information that may be filed and made part of the public record.  Such duplicate documents containing non-confidential information shall be titled to show that it corresponds to an item filed under seal, e.g., "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment."  The sealed and redacted documents shall be filed simultaneously.

9. Court/Trial Exhibits – No disclosure of any "*Confidential-Attorneys' Eyes Only*" document or any documents or information derived therefrom, shall be given to any juror to review, used for any purpose during trial, or introduced into evidence without prior written stipulation with opposing counsel or pursuant to Court order.  In the event that any "*Confidential - Attorneys' Eyes Only*" Discovery Material is allowed by the Court to be used in any court proceeding in this action, it shall not lose its status as "*Confidential - Attorneys' Eyes Only*" Discovery Material through such use.  Counsel shall confer on such procedures as are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any such court proceedings with Court permission.

10. If any third party serves a subpoena or other process or request seeking to review any information designated as "*Confidential - Attorneys' Eyes Only*" the party to whom the demand is made (the "Recipient") shall inform the producing party's counsel immediately in writing and shall not permit inspection by or production to any third party on the grounds of the existence of this Order unless otherwise ordered by a court or the producing party agrees in writing.  Nothing herein shall be construed as requiring the Recipient or anyone else covered by this Order to challenge or appeal any order requiring production of "*Confidential - Attorneys' Eyes Only*" Discovery Material covered by this Order, or

1  to subject himself, herself, or itself to any penalties for non-compliance with any
2  legal process or order.

3      11.    Nothing in this Order shall bar or otherwise restrict counsel for any
4  party from rendering advice to their clients with respect to this action and, in the
5  course thereof, from relying upon the examination of "*Confidential - Attorneys'*
6  *Eyes Only*" Discovery Material; provided, however, that in rendering such advice,
7  and in otherwise communicating with their clients, counsel shall not disclose the
8  contents of "*Confidential - Attorneys' Eyes Only*" Discovery Material except in
9  accordance with the terms of this Order.

10      12.    This Order shall survive the final termination of this action and the
11  Court shall retain jurisdiction to resolve any dispute concerning the use of the
12  information disclosed hereunder.

13      13.    Within sixty (60) calendar days after the conclusion of this action in
14  its entirety (including expiration of appeal periods or the execution of a settlement
15  agreement among the parties finally disposing of this action), all parties and
16  persons having received "*Confidential - Attorneys' Eyes Only*" Discovery Material
17  shall dispose of all such material either by (i) returning such material to counsel for
18  the producing party, or (ii) destroying such material in a manner that ensures that it
19  will not be disclosed to or disseminated or recovered by any person.  Upon request,
20  the parties, their counsel, and any experts shall separately provide written
21  certification to any producing party making the request that such disposal has been
22  completed.

23      14.    Counsel for the parties shall be entitled to retain all court papers,
24  disposition and trial transcripts, exhibits used in affidavits, at depositions, and at
25  trial, and attorney work-product, including materials which contain, quote, discuss,
26  or analyze "*Confidential - Attorneys' Eyes Only*" Discovery Material, provided that
27  such counsel and employees of such counsel shall continue to comply with all the
28  terms of this Protective Order unless, after reasonable prior notice to the producing

party, the disclosing counsel has obtained permission pursuant to court order or by agreement of the producing party.

15.    This agreement shall be binding upon and for the benefit of the undersigned parties, the parties counsel, their successors and assigns.

16.    This Order is not binding on the Court or Court personnel.  The Court may amend or modify this Order in the interests of justice or for public policy reasons at any time.

**DATED: _____**           **THE COCHRAN LAW FIRM**


**By: _____**
   **Brian Dunn, Esq.**
   **Megan Gyongyos, Esq.**
   **Attorneys for Plaintiff, Stanley Jordan**

**DATED: _____**          **RUSSELL I. MIYAHIRA**
                                                **CITY ATTORNEY**


**By: _____**
   **Alison Stevens, Esq.**
   **Attorneys for Defendants,**
   **City of Hawthorne and**
   **Matthew Manley**

**DATED: : _____**        **CARPENTER, ROTHANS & DUMONT**


**By: _____**
   **Steven Rothans, Esq.**
   **Attorneys for Defendants,**
   **City of Hawthorne and**

|    |                                |                                         |
|----|--------------------------------|-----------------------------------------|
| 1  |                                | Matthew Manley                          |
| 2  | ///                            |                                         |
| 3  | ///                            |                                         |
| 4  | **IT IS SO ORDERED.**          |                                         |
| 5  |                                |                                         |
| 6  |                                |                                         |
| 7  | **DATED:** <u>May 28, 2015</u> | <u>JEAN ROSENBLUTH</u>                  |
| 8  |                                | **Honorable Jean P. Rosenbluth**        |
| 9  |                                | **United States Magistrate Judge**      |